```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

CHARLES W. WAID,
                                                  **DECISION AND ORDER**
          Petitioner,                    **No. 07-CV-6176T**

    -vs-

JOHN BURGE, Superintendent

         Respondent.
_____

## I. Introduction

*Pro se* petitioner, Charles W. Waid ("Petitioner"), has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered October 5, 2004, in New York State, Niagara County, County Court, convicting him, upon a plea of guilty, of Sexual Abuse in the First Degree (N.Y. Penal Law ("Penal Law") § 130.65[1]).

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II. Factual Background and Procedural History

Petitioner was indicted under Indictment No. 2003-500 and charged with one count of rape in the first degree, two counts of rape in the third degree, two counts of endangering the welfare of child, and one count of criminal contempt in the first degree. The charges arose from sexual contact that occurred between the thirty-

-1-

one year old Petitioner and a fifteen-year old girl ("the victim") in March of 2003.  Pre-Plea Minutes of 05/27/04, 2.

After Petitioner was arraigned, the People offered him the opportunity to plead guilty by way of a Superior Court Information ("SCI") to sexual abuse in the first degree.  The prosecutor explained to the court that the plea offer would not be available under the original indictment because said indictment did not contain a charge of sexual abuse in the first degree.  The Court agreed to allow the People to file an SCI.[1]  The People did so, and the accompanying felony complaint charged Petitioner with the same six crimes that were in the original indictment and an additional crime, sexual abuse in the first degree.  Petitioner and his attorney executed a waiver of indictment, waived a reading of the felony complaint, pleaded not guilty and waived a preliminary hearing.  Petitioner acknowledged, on the record, that he waived his right to have the matter presented to the grand jury, and acknowledged that he had executed the written waiver of grand jury presentment.  The court then conducted a plea colloquy during which Petitioner acknowledged that he was waiving his right to appeal. Petitioner pleaded guilty to sexual abuse in the first degree (count six of the SCI), waived his right to appeal, and received a sentencing commitment of no more than three years.  Plea Minutes [P.M.] of 10/05/04, 7-11.

---

[1]  The SCI was filed under Indictment No. 2003-500A.

On November 30, 2004, Petitioner was sentenced to a determinate period of three years with a three year post-release period of supervision. Sentencing Minutes of 11/30/04, 17.

Petitioner appealed his judgment of conviction to the Appellate Division, Fourth Department, which was unanimously affirmed. People v. Waid, 26 A.D.3d 734 (4th Dep't 2006). Leave to appeal to the New Court of Appeals was denied. People v. Waid, 7 N.Y.3d 839 (2006).

No collateral motions were filed.

This habeas petition followed (Docket #1).

**III. General Principles Applicable to Habeas Review**

    **A.    The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court

decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B.   Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

**IV. Petitioner's Claims**

**1. Defective Indictment/Jurisdictional Defects**

Petitioner seeks habeas relief based on two alleged jurisdictional defects. Specifically, he contends that: (1) the waiver of indictment on the felony complaint was defective under New York Criminal Procedure Law ("CPL") § 195.10(2)(b) because said felony complaint, instead of only charging one new offense that had not been charged in the pending indictment, charged the same offenses that were contained in the pending indictment plus one new offense; and (2) that the waiver of indictment was defective under CPL § 195.30 because the court failed to execute a written order approving said waiver. Petition [Pet.] Grounds One and Two; <u>see also</u> Traverse [Trav.], Page 16. Petitioner raised these issues on direct appeal, and they were rejected on the merits. Although the claims are exhausted and properly before this Court, they do present issues that are cognizable on habeas review.

Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas

review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Here, Petitioner's claims are framed in terms of state law (i.e., New York's Criminal Procedure Law) errors. An alleged error based upon state procedural law is not a cognizable issue on habeas review. See, e.g., Lucius v. Filion, 431 F.Supp.2d 343, 346 (W.D.N.Y. 2006) (allegation that prosecutor failed to comply with statutory procedures regarding the grand jury proceeding is not cognizable on habeas review). Accordingly, this claim does not present a proper basis for federal habeas relief. See Estelle, 502 U.S. at 67-68 (1991).

Moreover, the Court notes that, in any event, there is no federal constitutional right to indictment by a grand jury in a state criminal prosecution. See Alexander v. Louisiana, 405 U.S. 625, 633 (1972) ("Although the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury."); see also LanFranco v. Murray, 313 F.3d 112, 118 (2d Cir. 2002) (noting that the Fifth Amendment's right to a grand jury indictment had not been incorporated against the states through the Fourteenth Amendment) (citations omitted). Therefore, to the extent Petitioner contends that the alleged jurisdictional defects

rendered the proceeding fundamentally unfair, such a contention fails.

Habeas relief is not available to Petitioner and the claims are dismissed.

## 2. Involuntary Guilty Plea

Petitioner argues that his guilty plea was entered involuntarily. Pet., Ground Three; Trav. 34-38. Petitioner raises this claim for the first time in the instant habeas petition. The Court finds this claim "patently frivolous,"[2] and will dismiss it on the merits, pursuant to 28 U.S.C. § 2254(b)(2), notwithstanding Petitioner's failure to exhaust it in the state courts.

To be constitutionally valid, a plea must be entered knowingly and voluntarily, with an understanding of its consequences. Parke v. Raley, 506 U.S. 20, 28-29 (1992). A "'plea of guilty entered by one fully aware of the direct consequences' of the plea is voluntary in a constitutional sense 'unless induced by threats, misrepresentations, or perhaps by promises that are by

---

[2] The Second Circuit has not yet established a standard for denying unexhausted claims under 28 U.S.C. § 2254(b)(2), but all four districts in New York have applied the "patently frivolous" test for dismissing such claims. See, e.g., Love v. Kuhlman, No. 99 Civ. 11063, 2001 U.S. Dist. LEXIS 22572 (S.D.N.Y. Dec. 12, 2001); Cruz v. Artuz, No. 97 Civ. 2508, 2002 U.S. Dist. LEXIS 11150 (E.D.N.Y. June 24, 2002); Toland v. Walsh, No. 02 Civ. 0399, 2008 U.S. Dist. LEXIS 24616 (N.D.N.Y. Mar. 26, 2008); Hammock v. Walker, 224 F. Supp. 2d 544 (W.D.N.Y. 2002). A minority of courts in this Circuit have denied such petitions when they do not raise even a colorable federal claim. See Hernandez v. Lord, No. 00 Civ. 2306, 2000 U.S. Dist. LEXIS 10228 (S.D.N.Y. July 21, 2000) (discussing cases applying this standard) (internal quotation marks omitted). Under either of these standards, Petitioner's claims are meritless.

their nature improper.'" Bousley v. United States, 523 U.S. at 619 (ellipses omitted) (quoting Brady v. United States, 397 U.S. at 744).

Petitioner contends that, due to various factors, including, but not limited to, poor performance from his attorney, an overzealous prosecutor who "invented [Petitioner's] crime in [the] SCI," and unfair plea restrictions that prevented him from "tak[ing] responsibility the right way," he was forced to plead guilty to a crime he did not commit,[3] thereby rendering the plea involuntary. Trav. 34-38. The Court has reviewed the record in its entirety and finds absolutely nothing to substantiate Petitioner's assertion that he was coerced, threatened, or forced by the prosecution, the judge, or defense counsel to plead guilty to a crime he did not commit. During the entry of the guilty plea, Petitioner admitted to each element of sexual abuse in the first degree, acknowledging that he engaged in sexual intercourse with the victim against her will and consent in March of 2003 and that said intercourse was for his own sexual gratification. P.M., 5-11. Likewise, there is nothing in the record to support Petitioner's suggestion that he was improperly advised by his attorney to enter

---

[3] Petitioner alleges actual innocence as a stand-alone claim in the habeas petition. Pet., Ground Four. The basis of this claim, however, is his disagreement with the way in which the New York State legislature has determined/defined the legal age of consent for various sex offenses, namely statutory rape. See Trav. 2, 16-33. Because Petitioner does not base his claim on newly discovered evidence or on an alleged constitutional infirmity in the underlying proceeding, there is no basis upon which this Court may grant habeas relief. Petitioner's stand-alone claim of actual innocence, therefore, is dismissed.

a plea of guilty to a crime he did not commit. The record reflects that Petitioner discussed the plea of guilty with his attorney, that he had no objections to counsel's representation, and that he intended to enter said plea with his attorney's advice and consent. P.M., 5-10. Further, there is nothing in the record that suggests Petitioner did not possess the knowledge and mental capacity to understand the nature and consequences of the plea. When asked by the judge if he could read, write, and understand the English language, Petitioner answered in the affirmative. When asked by the judge if his mental, emotional or psychological capabilities were impaired, Petitioner answered in the negative. And, when the judge asked if he understood the terms of his sentencing, Petitioner answered in the affirmative. P.M. 5-9. Thus, Petitioner's claim that his guilty plea was not entered knowingly and voluntarily is meritless.

### 3. Prosecution Failed to Disclose Exculpatory Evidence

Petitioner's remaining claim -- that the prosecution failed to disclose exculpatory evidence -- has been knowingly waived by his plea of guilty. Pet., Ground Three; see Tollett v. Henderson, 411 U.S. 258, 267 (1973) (finding that a defendant's properly counseled and entered plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of federal constitutional rights); accord United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996) ("A defendant who pleads guilty unconditionally while

represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea. 'He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards.'") (quoting Tollett, 411 U.S. at 267) (alteration in original)); see also United States v. Garcia, 339 F.3d 116, 117 (2d Cir. 2003) (per curiam) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings."); Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir. 1991) ("Generally a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea."). Petitioner's knowing and voluntary entry of the guilty plea (as discussed under "Section IV, 2" above) precludes the Court's review of this claim.

Accordingly, habeas relief is not available to Petitioner, and the claim is dismissed.

**V. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of

Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: March 16, 2010
Rochester, New York